```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
│                                     )
│ Camila Davalos et al.,              )
│                                     )
│         Plaintiffs,                 )
│                                     )
│         v.                          )   Civil Action No.
│                                     )   21-11075-NMG
│ Baywatch Inc. d/b/a Club Alex's     )
│ Adult Entertainment,                )
│                                     )
│         Defendant.                  )
└─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations that defendant, Baywatch Inc. d/b/a Club Alex's Adult Entertainment ("Club Alex" or "defendant"), improperly used images of the plaintiffs, purportedly well-known professional models, to promote their night club, Club Alex.

Pending before the Court is defendant's motion for summary judgment (Docket No. 71) and plaintiffs' motion for summary judgment (Docket No. 75). For the reasons that follow, defendant's motion will be allowed, in part, and plaintiffs' motion will be denied, in part. Both motions will be held for further consideration, in part.

I. **Background**

Plaintiffs Camila Davalos, Mariana Davalos, Jamie

- 1 -

Middleton, Joanna Krupa, Marta Krupa and Paola Canas (collectively, "plaintiffs") allege that their images (meaning, primarily, photographs) were misappropriated and intentionally altered, without their consent, in a series of Facebook posts by defendant to make it appear that they worked at, endorsed or were otherwise associated with Club Alex.

The four images in dispute (in which the plaintiffs appear in scanty attire) were posted to the Facebook page of Club Alex between August, 2013 and November, 2015. Three of the four posts included a photograph of one or more of the plaintiffs with no accompanying text on it. For those posts, an advertisement was written in the caption box. The fourth image includes a picture of plaintiff Paola Canas with text embedded within the image. In that post, the caption box does not include any written text.

Plaintiffs assert 12 causes of action: 1) false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), 2) false association, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), 3) common law right of privacy, 4) right of privacy based upon M.G.L. c. 214 § 1B, 5) unauthorized use of a person's name, portrait or picture in violation of M.G.L. c. 214 § 3A, 6) common law right of publicity, 7) unfair trade practices, in violation of M.G.L. c. 93A § 11, 8) defamation, 9) negligence, 10) conversion, 11)

unjust enrichment and 12) quantum meriut.

## II. Motions for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v.

Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Statute of Limitations

#### 1. State Law Claims

Counts III – XII concern state statutory and common law causes of action.  Defendant asserts, and plaintiffs do not dispute, that the limitations period set forth in M.G.L. c. 260, § 2A governs all nine state law causes of action.  That provision states

> [e]xcept as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

M.G.L. c. 260, § 2A.  However, the parties dispute 1) when the claims accrued and 2) the application of the discovery rule.

#### a. Accrual Date

The complaint was filed on June 29, 2021.  Defendant contends that the claims accrued and thus, the three-year limitations period began to run, on the dates the four disputed images were posted, between August, 2013 and November, 2015.  It cites Flynn v. Associated Press, a Massachusetts Supreme Judicial Court ("SJC") opinion, and Collins v. Nuzzo, a First

- 4 -

Circuit Court of Appeals ("the First Circuit") opinion, for the proposition that the date of an allegedly wrongful publication determines the start of the limitations period.

Plaintiffs rejoin that defendant's case law citations are pertinent only in the defamation context and not to the nine state law claims at issue. While they do not propose an alternative date of accrual, plaintiffs assert that defendant has not met its burden at summary judgment.

Plaintiffs' argument is unavailing. They raise no genuine issue of material fact concerning the accrual date. On the other hand, defendant's assertion that claims alleging misuse of plaintiffs' likeness accrue on the date that the purportedly misappropriated imagery was posted to Facebook, and thus disseminated to the public, is persuasive.

In Flynn, the SJC considered when claims for libel, intentional infliction of emotional distress, invasion of privacy and violation of civil rights accrue under state law. Flynn v. Associated Press, 519 N.E.2d. 1304 (Mass. 1988). The Court held that in the context of those torts, the date of publication of the allegedly harmful statement established the accrual date. Id. at 1307-08.

The torts at issue here are analogous to those considered in Flynn. They all arise from the act of publication. Dissemination of the allegedly misappropriated images is the

crux of what caused plaintiffs' purported injuries. Plaintiffs were allegedly harmed, and thus put on notice of the alleged tortious conduct, on the dates the images were posted on defendant's public Facebook page. Accordingly, the latest possible accrual date is November, 2015.

### b. Discovery Rule

Plaintiffs also contend that the statute of limitations should be tolled under the discovery rule. When an action is based on an "inherently unknowable" wrong, the discovery rule tolls the statute of limitations. See Bowen v. Eli Lilly & Co, 557 N.E.2d 739, 741 (Mass. 1990). The factual basis for a cause of action is "inherently unknowable" if it is "incapable of detection by the wronged party through the exercise of reasonable diligence." Geo. Knight & Co., Inc. v. Watson Wyatt & Co., 170 F.3d 210, 213 (1st Cir. 1999) (citation and internal quotations omitted). Once applied, the discovery rule tolls the statute of limitations until the plaintiff "knows or reasonably should have known that it was injured by the defendant's conduct." First Choice Armor & Equipment, Inc. v. Toyobo America, Inc., 717 F.Supp.2d 156, 164 (D. Mass. 2010) (citing Coady v. Marvin Lumber & Cedar Co., 167 F.Supp.2d 166, 172 (D. Mass. 2001)). Plaintiff has the burden of proving both lack of actual knowledge and objective reasonableness. See Shea v. Ditech Financial, LLC, 255 F.Supp.3d 273, 278 (D. Mass. 2017).

Massachusetts courts have yet to decide whether and to what extent the discovery rule applies to Facebook posts. In Wolsfelt v. Gloucester Times, the Massachusetts Appeals Court held that the discovery rule did not apply to an article posted on a local newspaper's website because it was publicly available and discoverable through a search engine query of the plaintiff's name. 155 N.E.3d 737, 745 (Mass. App. Ct. 2020).

Wolsfelt demonstrates that some publicly available online material that does not have a mass audience is not subject to the discovery rule. The application of the discovery rule to posts on a social media platform, however, is a novel circumstance that Massachusetts courts have not yet considered.

Judicial restraint counsels against determining whether the Facebook posts at issue were "inherently unknowable." Nevertheless, even assuming, arguendo, that they were, plaintiffs have failed to carry their burden of demonstrating "both the actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." Shea, 255 F.Supp.3d at 278.

Plaintiffs have averred that they were either unaware of the Facebook posts at issue until their attorney brought the posts to their attention or could not recall how they became aware of the posts. Defendant has proffered unrebutted evidence that they have filed a combined total of 365 lawsuits concerning

the four images in dispute and that all six plaintiffs have been involved with those suits since at least March, 2016. Furthermore, as defendant notes, plaintiffs are able to look for images of themselves through most search engines.

Plaintiffs have the burden of demonstrating that their lack of knowledge was objectively reasonable but have produced no evidence to explain why reasonable diligence would not have led to discovery of the Facebook posts. They recite the general fact that Facebook's platform contains millions of advertisers but the fact that the allegedly misappropriated posts occurred in the vast sea of the internet is not enough to demonstrate the objective reasonableness of a lack of knowledge. That logic applied to all content on social media platforms would vastly expand the scope of the discovery rule.

In light of plaintiffs' proclivity for litigating over the specific images in dispute and their ability to conduct simple searches, plaintiffs have not satisfied their burden of proving their lack of knowledge was objectively reasonable. Shea, 255 F.Supp.3d at 278. Accordingly, the statute of limitations was not tolled beyond the date of publication and Counts III-XII, inclusive, are time-barred.

### 2. Lanham Act Claims

Defendant also asserts a statute of limitations defense to plaintiffs' Lanham Act claims. Unlike the state law at issue,

however, the Lanham Act has no statute of limitations. In its absence, defendants put forth two alternatives, that: 1) this Court should apply the most analogous state statute of limitations or, 2) the doctrine of laches bars plaintiffs' Lanham Act claims.

When a federal statute lacks an express statute of limitations, courts "generally...apply the most closely analogous statute of limitations under state law." DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 158 (1983). There is, however, a "closely circumscribed exception" where a rule from another source of federal law supplies a better analogy than a state statute.

There is a split of authority among the circuits as to whether that exception applies to claims brought under the Lanham Act. While the Third Circuit has applied the most analogous state statute of limitations to Lanham Act claims, several other circuits have concluded that the equitable doctrine of laches is more appropriate. Compare Island Insteel Systems, Inc. v. Waters, 296 F.3d 200, 206 (3d Cir. 2002) with Belmora LLC v. Bayer Consumer Care AG, 987 F.3d 284, 293 (4th Cir. 2021) and Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 837 (9th Cir. 2002). The First Circuit has yet to address the question.

This Court will reserve judgment as to whether the Lanham

Act presents the closely circumscribed exception where an analogous state statute is not used to set a limitations period. Assuming, arguendo, this Court were to apply the doctrine of laches, a few unanswered questions come to mind.

First, the parties do not dispute, and this Court holds, that should laches be applicable rather than the most analogous statute of limitations, the relevant limitations period would be drawn from the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A").  See also Pegasystems, Inc. v. Appian Corp., 463 F.Supp.3d 153, 161 (D. Mass. 2020) ("Pegasystems II").  Actions brought under that provision must be filed within four years of accrual.  M.G.L. c. 260, § 5A.

Laches requires demonstrating: (1) a lack of diligence by the non-moving party, and (2) prejudice to the party asserting the defense. Oriental Fin. Grp., Inc. v. Cooperativa de Ahorro y Credito Oriental, 698 F.3d 9, 21 (1st Cir. 2012) (quoting Museum of Fine Arts, Bos. v. Seger-Thomschitz, 623 F.3d 1, 10 n.9 (1st Cir. 2010)).  As discussed, supra, this Court holds that the claims accrued on the date the images were published, between August, 2013 and November, 2015.  Because the complaint was filed well beyond the four-year limitations period for claims under Chapter 93A, plaintiff has a heavy burden of proving that the delay was not unreasonable and did not prejudice defendant. See Pegasystems Inc. v. Appian Corp., 633 F.Supp.3d 456, 472-73

(D. Mass. 2022) ("Pegasystems III").

Because the issue is not fully briefed, the Court will direct plaintiffs to submit a supplemental memorandum, not to exceed 10 pages, as to why laches should not bar their claims, to be submitted on or before December 15, 2023.  Defendant will file its rebuttal, also not to exceed 10 pages, on or before December 22, 2023.

## ORDER

For the foregoing reasons:

1. The motion of defendant, Bay Watch Inc. d/b/a Club Alex's Adult Entertainment, for summary judgment (Docket No. 71) is, as to Counts III-XII, **ALLOWED**, but, as to Counts I and II, held for further consideration after supplemental briefing.

2. Plaintiffs shall submit a supplemental brief, not to exceed 10 pages, on or before December 15, 2023. Defendant shall submit a rebuttal brief, also not to exceed 10 pages, on or before December 22, 2023.

3. The motion of plaintiffs, Camila Davalos, Mariana Davalos, Jamie Middleton, Joanna Krupa, Marta Krupa and Paola Canas, for summary judgment (Docket No. 75) is, as to Counts III-XII, **DENIED** but, as to Counts I and II, held for further consideration after supplemental briefing as directed above.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated:  December 8, 2023