**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAMILA DAVALOS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> BAY WATCH, INC. d/b/a CLUB ALEX'S ADULT ENTERTAINMENT., *et al.* <br><br> *Defendants*. | Civil Action No.: 1:21-cv-11075-NMG |

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs CAMILA DAVALOS; MARIANA DAVALOS; JAMIE JEANELLE MIDDLETON d/b/a JAMIE EASON; JOANNA KRUPA; MARTA KRUPA; and PAOLA CAÑAS (collectively, "Plaintiffs") move this Court for an order altering or amending its December 8, 2023 order on the parties' cross-motions for summary judgment. Dkt. 84 (the "Order").

### ARGUMENT

**I.    Standard.**

Rule 59(e) of the Federal Rules of Civil Procedure governs "requests to alter or amend a judgment." Fed. R. Civ. P. 59(e); *Biltcliffe v. CitiMortage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). Relief under this rule should be granted, *inter alia*, where a court has "patently misunderstood a party … or has made an error not of reasoning but of apprehension," *Ruiz Riveria v. Pfizer Pharm., LLC* 521 F.3d 76, 82 (1st Cir. 2008*)*; in cases where the original judgment  "evinced a manifest error or law," *Biltcliffe*, 772 F.3d at 930; and in cases where reconsideration of a prior order would "prevent manifest injustice." *Trinidad v. City of Boston*, No. 07-cv-11679-DPW, 2011 WL 915338, at *3 (D. Mass. Mar. 15, 2011). The purpose of a

motion for reconsideration under this rule is to allow "a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 140 S.Ct. 1698, 1703 207 L.Ed 58 (2020).

## II.     The Court Misstated the Factual Record as Pertains to Plaintiffs' Images.

The Court held the discovery rule was inapplicable to Plaintiffs' state law claims because:

> Defendant has proffered unrebutted evidence that [Plaintiffs] have filed a combined total of 365 lawsuits **concerning the four images in dispute** and that **all six plaintiffs have been involved with those suits since at least March, 2016**.

Order at 7-8 (emphasis added). The Court went on to hold that under no circumstances could Plaintiffs demonstrate to a jury their lack of knowledge concerning the Club Alex advertisements was reasonable "[i]n light of plaintiffs' proclivity for litigating over **the specific images in dispute**…." *Id.* at 8 (emphasis added).

These statements are categorically and unconditionally wrong.

*First*, Defendants have proffered no evidence Plaintiffs have filed 365 lawsuits concerning the "specific images in dispute" in this case, the Court cites nothing in the record to support this statement, and no such evidence exists.

*Second*, though Defendants did provide evidence of lawsuits in which Plaintiffs have been involved that centered around the misappropriation and misuse of *other* images of them, *see* Dkt. 73 at 2, ¶ 5, they nowhere argued or averred that those advertisements concerned "the specific images in dispute" in this case, and of course those 365 lawsuits did not concern those images.

*Third*, since Plaintiffs have not filed these cases based on the "specific images in dispute," they obviously have not "been involved" in such cases since 2016.

2

*Fourth*, while Plaintiffs did in fact start learning about the theft and misuse of *other* images of them by other businesses in or around 2016, that knowledge did not somehow imbue Plaintiffs with knowledge concerning every instance of misappropriation of every image of them by every business in the world, and no authority exists which would support the position that Plaintiffs were somehow on notice, or should have been on notice, of Club Alex advertisements based on those other, unrelated instances of misappropriation.

Plaintiffs respectfully submit that the Order should be amended, and the factually inaccurate statements made therein changed to reflect the actual record in this case, which is that Plaintiffs have *not* collectively filed 365 lawsuits concerning the specific images at issue in this case.

Upon such amendment to the Order, Plaintiffs respectfully submit that Court should reconsider its evaluation of the applicability of the discovery rule. As noted in Plaintiffs' opposition brief, Dkt. 77, the First Circuit has instructed that the discovery rule "is designed to *protect plaintiffs,* to assure that a plaintiff be put on notice before his claim is barred." *Cambridge Plating Co., v. Napco, Inc.*, 991 F.2d 21, 26 (1st Cir. 1993) (citations and quotations omitted) (emphasis added). Based on the inaccurate statement Plaintiffs have filed 365 cases based on the specific images at issue in this case, the Court has effectively held that since Plaintiffs were on notice, or around 2016, that other businesses were using their images, they reasonably should have been on notice Club Alex was using their images too. It has also effectively held that no fact finder could determine Plaintiffs failure to learn about Club Alex's use of their images until shortly before this lawsuit was filed was reasonable.

But the First Circuit has characterized application of the discovery rule as a "fact-dominated enterprise," *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 376 (1st Cir. 1991),

and after this Court amends its order to reflect the true record of this case – *i.e.*, that Plaintiffs have *not* collectively brought 365 lawsuits based on the misuse of the "specific images" used by Club Alex, as this Court has held -- Plaintiffs submit it should defer to this authority and allow the fact-finder to determine whether it was reasonable for Plaintiffs to not learn about Club Alex's use of their images shortly before lawsuit was filed. *See Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 49 (1st Cir. 2004) ("Factual disputes concerning the date on which the plaintiff knew or should have knowns of his cause(s) of action are resolved by a jury."). Such decision would accord with Massachusetts appellate authority in the right of privacy sphere. *See Ortiz v. Mass Medical Services, Inc.*, 86 Mass. App. Ct. 1116, at *2 (2014) (applying discovery rule to claim brought under M.G.L.A. 214, and re-stating the general rule that "what a plaintiff knew or should have known at a given point in time is a factual issue that should not only survive a motion to dismiss, *but be decided by the trier of fact*.") (citations omitted) (emphasis added).

Should this Court believe *any* business's misappropriation and misuse of *any* image of a professional model puts that model on constructive notice of *every* misappropriation and misuse of *every* image of that model, it may be entitled to that position (even despite the lack of evidence or authority to support it).[1] But Plaintiffs respectfully submit such holding should not turn on a misstatement of the record that Plaintiffs have collectively litigated 365 lawsuits concerning the "specific images" used by Club Alex.

---

[1] Plaintiffs would be remiss to not point out that, according to Defendants, the first lawsuit filed by Paola Canas based on the misappropriation of her image was October 16, 2015. Dkt. 73 at 2, ¶ 5. Under the Court's holding, this was the date on which Ms. Canas should have been on notice of *all* instances of misappropriation of her image by *any* business. But Defendant did not publish the advertisement containing Ms. Canas's image until November 16, 2015, a month after she should have been on notice of it. *Id.* at 1-2, ¶ 3. Plaintiffs' point is that a discovery rule analysis based on when third parties misappropriated different images of any Plaintiff is fraught with problems and bound to result in troubling applications of the discovery rule.

**III.     If the Advertisements Were Inherently Unknowable, The Discovery Rule Applies.**

The Court correctly noted in the Order that "[w]hen an action is based on an 'inherently unknowable' wrong, the discovery rule tolls the statute of limitations." Order at 6 (citations omitted). It also correctly noted that the "factual basis for a cause of action is 'inherently unknowable' if it is 'incapable of detection by the wronged party through the exercise of reasonable diligence." *Id.* (quoting *Geo. Knight & Co., Inc. v. Watson Wyatt & Co.*, 170 F.3d 210, 213 (1st Cir. 1999) (citation and internal quotations omitted). After articulating the above standards, however, the Court held that assuming, *arguendo*, the advertisements were in fact "inherently unknowable," Plaintiffs nevertheless should have been on notice of them:

> Nevertheless, even assuming, arguendo, that they were [inherently unknowable], plaintiffs have failed to carry the burden of demonstrating "both the actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." Shea, 255 F.Supp.3d at 278.

Plaintiffs submit this holding is utterly inconsistent. If the advertisements were inherently unknowable as the Court allowed, that means they were incapable of detection "through the exercise of reasonable diligence." *Geo. Knight*, 170 F.3d at 213. But what the Court has held is that although the advertisements were incapable of detection through the exercise of reasonable diligence, Plaintiffs have nevertheless not demonstrated their failure to know about them was reasonable. Put another way, the Court has held that Plaintiffs were obligated to exercise something *more* than reasonable diligence to learn of the Club Alex advertisements. Plaintiffs respectfully submit there is no authority in the First Circuit, or elsewhere, to support such holding.

Further, the Court's reliance on *Wolsfelt v. Gloucester Times* 155 N.E. 737, 745 (Mass. App. Ct. 2020) is misplaced because, as the Court recognized, that case turned on the fact that the discovery rule did not apply because the article was "discoverable through a search engine

5

inquiry of the plaintiff's name." Order at 7. Here, there is no evidence a search engine query of any Plaintiff's name or image would have uncovered these advertisements; indeed, a search engine inquiry of any Plaintiff's name or image would categorically have **not** uncovered these advertisements because Facebook and Instagram posts do **not** show up in search engine results. This means that even if this Court thought -- *sua sponte*, and based on no evidence or authority submitted by Defendants -- it was reasonable for Plaintiffs to cut and paste the exact images used by Club Alex, and place each of them in a Google Image search, the Club Alex advertisements would nevertheless **not** be uncovered.  Rather, the **only** way for Plaintiffs to locate these advertisements would be to go into the Club Alex Facebook page and search for them. Defendants have presented no evidence to the contrary, nor evidence that a search of any Plaintiff's name or image would have uncovered the existence of the Club Alex advertisements, and it is fatal to their argument against application of the discovery rule. Thus, even if the Court were correct that "<u>Wolsfelt</u> demonstrates that some publicly available online material that does not have a mass audience is not subject to the discovery rule," Order at 7, it would not matter here because there is no evidence a search engine query of the type discussed in *Wolsfelt* would uncover the advertisements.

  What's more, the fact that "plaintiffs are able to look for images of themselves through most search engines," Order at 8, is not relevant to the discoverability of Defendants' advertisements or to Plaintiffs' reasonable diligence. A Google search of Joanna Krupa returns 15 million results.[2]  A Google Image search of Joanna Krupa returns *thousands* of images.[3] Of note, *none* of these images are of Club Alex advertisements because, as noted *supra*, Facebook

---

[2] *See* Exhibit A, results of Google search performed on December 8, 2023.

[3] *See* Exhibit B, results of Google Image search performed on December 8, 2023.

posts do not show up in search engine searches. Since no name or image search could have uncovered the Club Alex advertisements, *Wolsfelt* is irrelevant.

Thus, the Court's application of the discovery rule rests in significant part on a fiction concerning the ease with which Plaintiffs could have potentially located their images in Club Alex advertisements. On Defendants' motion for summary judgment, the burden was on them to demonstrate how the Plaintiffs' reasonable diligence would have uncovered those claims; that burden included demonstrating, through either fact or expert evidence, how purportedly easily Plaintiffs could have uncovered those advertisements. They have failed to do so, and thus the applicability of the discovery rule should, in accordance with First Circuit authority, be left to the finder of fact.

### IV. The Court Should Deny Defendants' Motion on Plaintiffs' Lanham Act Claims.

Though Plaintiffs will of course provide supplemental briefing on the issues requested by the Court by December 15, 2023, it bears noting that in the event this Court corrects its statement that each of Plaintiffs' 365 cases were based on the same exact images misappropriated by Club Alex, it follows (as discussed *supra*) that the accrual date of Plaintiffs' claims would *not* be the date of publication of the advertisements, but rather would be left to the finder of fact. If that were the case, that would dispense with the need for any laches evaluation by this Court.

### CONCLUSION

Plaintiffs' motion to alter or amend the Order should be granted.

Dated: December 8, 2023

THE CASAS LAW FIRM, P.C.

By: /s/ John V. Golaszewski
John V. Golaszewski, Esq.
New York Bar No. 4121091
1740 Broadway, 15th Floor

                                                    New York, New York
                                                    T: 855.267.4457
                                                    F: 855.220.9626
                                                    *Admitted Pro Hac Vice*

                                                  Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of December, 2023, the foregoing was served on counsel for defendants via ECF.

                                                  **/s/ John V. Golaszewski**