United States District Court
District of Massachusetts

| | |
|---|---|
| **Camila Davalos et al.,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**Baywatch Inc. d/b/a Club Alex's Adult Entertainment,**<br><br>          Defendant. | Civil Action No.<br>21-11075-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

Pending before the Court is plaintiff's motion for reconsideration (Docket No. 85). For the reasons that follow, that motion will be allowed and this Court will, sua sponte, certify a question to the Massachusetts Supreme Judicial Court ("SJC") as to the application of the discovery rule to information posted on public social media pages.

### I.  Motion for Reconsideration

To prevail on a motion for reconsideration,

> a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.

Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)).

In allowing summary judgment as to the state law claims, the Court was under the incorrect impression that the 365 "similar" cases that defendant identified involved the exact same photographs at issue in the instant case. That assumption was important to the Court's decision not to address the issues of whether public social media posts are "inherently unknowable" or whether claims based on such posts are subject to the discovery rule.

Instead, the Court assumed that the posts were inherently unknowable and found that, in any event, plaintiffs did not meet their burden of demonstrating that their lack of knowledge as to the existence of the posts was objectively reasonable for the purposes of tolling.

As plaintiffs have made the Court aware, the record does not, however, establish that when the summary judgment motions were filed, the similar cases filed by plaintiffs involved identical photographs to those in dispute here. That correction jeopardizes the Court's conclusion that plaintiffs did not satisfy their burden of demonstrating that their lack of knowledge of the posts was objectively reasonable.

The unaddressed issues now need to be resolved before this case goes forward and, in the meantime, this Court will vacate its prior entry of summary judgment in favor of defendants on the state law counts.

## II.  Certification to the SJC

The SJC permits a federal court to certify a question of law to it

> if there are...questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

Mass. S.J.C. R. 1:03; see also Easthampton Sav. Bank v. City of Springfield, 736 F.3d 46, 50 (1st Cir. 2013).

Here, the Court concludes it is necessary and appropriate to certify a question of law to the SJC.  The correct application of the discovery rule will be dispositive of all of the state law claims in this case.  If the discovery rule tolls the statute of limitations, the state claims survive; if not, those claims are time-barred.  Furthermore, the discovery rule as interpreted by the SJC will substantially inform this Court as to whether laches bar the two federal law claims.

Finally, there is no controlling precedent on the issue. In 2020, the Massachusetts Appeals Court held that an article published on a local newspaper's website would not be tolled by the discovery rule. See Wolsfelt v. Gloucester Times, 155 N.E.3d 737, 745 (Mass. App. Ct. 2020).  This Court is aware of no other instance in which a Massachusetts appellate court has considered the interaction of the discovery rule with materials on the internet, let alone those published on social media platforms.

ORDER

For the foregoing reasons:

1. The motion for reconsideration is, with respect to the state law claims, **ALLOWED**. The Court hereby vacates its Memorandum and Order (Docket No. 84).

2. The following question will be certified to the Massachusetts Supreme Judicial Court ("SJC"):

   Under what circumstances, if any, is material publicly posted to social media platforms "inherently unknowable" for purposes of applying the discovery rule in the context of defamation, right of publicity, right to privacy and related tort claims?

3. The Clerk of Courts will be directed to forward this memorandum and order to the SJC under the seal of this Court and to provide any portion of the record that the SJC may require.

4. The case will be stayed (and the scheduled jury trial postponed) pending receipt of a decision from the SJC in accordance with this order.

5. The parties may submit objections to the sua sponte certification, and / or the wording of the proposed question, no later than the close of business on Friday, December 22, 2023.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: December 15, 2023

- 4 -