United States District Court
District of Massachusetts

| | |
|---|---|
| Camilla Davalos, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-11075-NMG |
| Baywatch, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM & ORDER

GORTON, J.

This case arises from allegations that defendants, Baywatch, Inc., and Alexander Alexopoulos (collectively, "defendants"), improperly used images of the plaintiffs, purportedly well-known professional models, to promote a nightclub. Following the certification of a question of law to the Massachusetts Supreme Judicial Court ("SJC"), this Court entered summary judgment in favor of defendants. Now before the Court is the motion of plaintiffs for reconsideration of that order. For the reasons that follow, the motion will be denied.

I. Background

Plaintiffs, Camila Davalos, Mariana Davalos, Jamie Middleton, Joanna Krupa, Marta Krupa and Paola Cañas (collectively, "plaintiffs"), allege that defendants misappropriated their likenesses in a series of Facebook posts

between August, 2013, and November, 2015. The posts purportedly gave the appearance that plaintiffs endorsed or were associated with defendants' adult entertainment nightclub, "Club Alex."

In 2021, plaintiffs filed suit in this Court, asserting 12 causes of action including unauthorized use of a person's name, portrait or picture in violation of M.G.L. c. 214 § 3A and unfair trade practices in violation of M.G.L. c. 93A § 11. The Court initially entered summary judgment in favor of defendants. On reconsideration, and after recognizing that the applicability of the discovery rule to social media posts presented a novel question of Massachusetts law, the Court certified a question to the SJC. Based upon the answer to that certified question, this Court entered summary judgement on all counts, finding plaintiff's tort claims were brought outside the applicable limitations period and that plaintiff's Lanham Act claims were barred by the doctrine of laches. Now, plaintiffs move for this Court to reconsider its order entering summary judgment.

## II. Legal Standard

Under Rule 59(e), courts have "substantial discretion" and "broad authority" to allow or deny reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). The United States Supreme Court has cautioned, however, that district courts should allow reconsideration only when faced with extraordinary circumstances, such as where the court's

initial order was clearly erroneous and would work a manifest injustice. Lyons v. Fannie Mae, No. 18-10365-ADB, 2019 WL 1961072 at *2 (D. Mass. May 1, 2019) (citing Christianson v. Colt Indus. Operating Corp, 486 U.S. 800, 817 (1988)). Reconsideration should therefore only be "used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

To prevail on a motion for reconsideration, the moving party bears the burden to demonstrate either that 1) there has been an intervening change in the law, 2) "new and important evidence," unavailable at the time the previous order was entered, has surfaced or 3) the Court committed a manifest error of law or fact. Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (citing Ira Green, Inc. v. Mil. Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)); accord 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (3d ed. Supp. 2020). Mere disagreement with the reasoning or outcome of a prior order is not an adequate basis for reconsideration and a motion for reconsideration cannot be used simply to "regurgitate old arguments previously considered and rejected." Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006); Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citing Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

III. <u>Analysis</u>

In its motion for reconsideration, plaintiffs assert that this Court, in entering summary judgment, erred by allegedly failing to consider the accrual date of their claims and therefore erroneously found that the statute of limitations and doctrine of laches barred them. Plaintiffs also dispute certain discrete aspects of this Court's decision, namely the Court's application of <u>Jones</u> v. <u>Reekes</u>, No. F082499, 2022 WL 594117 (Cal. Ct. App. Feb. 28, 2022), and a footnote that intimated the existence of facial recognition technology on social media.

Plaintiffs' arguments regarding this Court's application of <u>Jones</u> and the single footnote discussing facial recognition are unavailing. This Court's brief analysis of the unpublished <u>Jones</u> decision and its isolated reference to facial recognition were, at most, made in passing and were not central to its entry of summary judgment. Accordingly, such references, even if they were inapposite, do not amount to a "manifest error" sufficient to warrant reconsideration. See <u>Audette</u> v. <u>Carrillo</u>, No. 15-CV-13280-ADB, 2017 WL 1025668, at *6 (D. Mass. Mar. 16, 2017) (denying reconsideration because "alleged errors of reasoning" that would not alter the prior holding "do not constitute grounds for reconsideration"). Instead, those arguments raise mere disagreements with the Court's reasoning which fail to

warrant reconsideration. See Ofori, 205 F. App'x at 852-53; Biltcliffe, 772 F.3d at 930.

As to the issue of the date of accrual, the Court finds plaintiff's contentions equally unpersuasive. As this Court previously explained, the default statute of limitations under M.G.L. c. 260, § 2A requires tort claims to be "commenced . . . within three years . . . after the cause of action accrues." Davalos v. Bay Watch, Inc., 240 N.E.3d 753, 757-58 (Mass. 2024). Although plaintiffs contend that the limitations period in cases involving social media posts, and in particular cases other than defamation, do not begin to "accrue" until after the plaintiff knew or should have known about the social media post, the SJC's answer held to the contrary.

In response to the certified question, the SJC held that the "general rule" in Massachusetts is that tort claims accrue from "the date the plaintiff suffers an injury." Id. at 757. Even when a tort claim relates to the "publication of the photographs" in a social media post, claims presumptively accrue from the "publication of the defamatory statement." Id. That accrual standard applies equally regardless of the kind of tort at issue. In its decision, the SJC did not articulate different accrual standards for different torts. Instead, it answered the certified question with a single standard applicable to all tort claims at issue here. See id. at 755-56.

Any potential unfairness to plaintiffs from that brightline rule is overcome by the "discovery rule," which permits a claim to accrue instead from the date the plaintiff "knew or should have known" of his injury. Id. at 760. The discovery rule thus presents an exception to the typical accrual rule. Id. at 757. It is for "purposes of . . . the discovery rule," not the limitations period for tort claims overall, that accrual occurs when the plaintiff knew or should have known of her injury. See id. at 755, 757-58, 760.

In this case, there is no question that all of the plaintiffs brought their tort claims more than three years after defendants published the Facebook posts, the last of which occurred no later than 2015. Because those tort claims are presumed to have accrued "upon publication," id. at 758, they are "timely" only if the discovery rule applies.

A "proper application of the discovery rule," in the context of social media posts, requires the Court to conduct a "fact-intensive" inquiry based upon the "totality of the circumstances" to determine whether the plaintiff knew or should have known about the social media posts at issue. Id. In conducting that inquiry, other courts have declined to apply the discovery rule based upon findings that the posts at issue were widely distributed and publicly available, and the subject

plaintiff had reason to believe that any tortious conduct would occur via social media posts. Id. at 761-63 (collecting cases).

Generally, a determination that the discovery rule applies, such that the plaintiff neither knew or should have known about the social media posts, is a question of fact for the jury. Id. at 760. For a plaintiff's claims to survive summary judgment, however, she must "demonstrate a reasonable expectation of proving that the claim was timely filed." Id. at 761. The burden is therefore on the plaintiff to present the Court with a sufficient dispute of material fact as to the date she knew or should have known that the social media posts exist. Id.

Here, plaintiffs have failed to meet their burden. In their motion to reconsider, they proffer no new evidence but instead reiterate the same argument as to why they neither knew nor should have known about the Facebook posts. The Court previously rejected that argument for good reason. There is no evidence of when plaintiffs discovered the posts at issue, how they discovered them, how many people viewed them, how many "likes" or "shares" the posts received or whether the posts were ever concealed. Moreover, plaintiffs do not deny that they have been involved in other disputes regarding alleged misuse of their likenesses online but offer no reason why those posts were any different or more discoverable than the posts here.

Instead, plaintiffs invite the Court "specifically [to] set forth for the parties what th[e] date [of accrual] is." That invitation is premised on a fundamental misreading of the SJC's decision. The burden was on plaintiffs, not this Court, to present a genuine issue of material fact that plaintiffs neither knew nor should have known about Club Alex's posts. See id. at 761. Based upon the extensive gaps in the record of this case, plaintiffs have not done so. See id. at 763 (describing factual record in this case as "incomplete").

Without more, plaintiffs have failed to create "a reasonable expectation of proving" that their claims were timely filed. Id. Accordingly, summary judgment in favor of defendants is appropriate and reconsideration on the issue of accrual will be denied. That being so, it is unnecessary for the Court to address plaintiff's argument that the Court's alleged error effected its application of laches.

### ORDER

For the foregoing reasons, the motion of plaintiffs for reconsideration of this Court's order entering of summary judgment (Docket No. 109) is **DENIED**.

**So ordered.**

                                              _____
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated: April 17, 2025